CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 29 2021

JULIA C. DUDLEY, CLERK
BY:  s/ H. MCDONALD
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TERRY N. PRESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.  4:21CV00035 |
| | ) |
| LARRY & ALLEY, INC. | ) |
| | ) |
| **Serve: Harry A. Alley, Sr. President** | ) |
| **219-225 E. Main Street** | ) |
| **Martinsville, Virginia 24115** | ) |
| **(City of Martinsville)** | ) |
| | ) |
|  and | ) |
| | ) |
| HARRY A. ALLEY, SR., | ) |
| | ) |
| **Serve: Harry A. Alley, Sr.** | ) |
| **219-225 E. Main Street** | ) |
| **Martinsville, Virginia 24115** | ) |
| **(City of Martinsville)** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Terry N. Preston, files this Complaint against defendants Larry & Alley, Inc. ("Larry & Alley" or "the store") and Larry A. Alley, Sr., and as grounds therefore states as follows:

### JURISDICTION AND VENUE

(1)     This is a suit for race discrimination authorized and instituted pursuant to 42 U.S.C. §1981.  Plaintiff has also filed recently a complaint with the office of the Attorney General of the Commonwealth of Virginia and will at the appropriate time move to amend this complaint to add a related claim for race harassment and discrimination under the Virginia Human Rights Act, Virginia

Code §2.2 – 3900 et seq. (1950), as amended, and if permitted by law, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

(2)     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(4).

(3)     Venue is appropriate in this court in that the alleged unlawful employment practices occurred within the Western District of Virginia.

## PARTIES

(4)     At all times material hereto, plaintiff is and was a resident of the city of Martinsville and a citizen of the Commonwealth of Virginia.  Plaintiff is a 52-year-old black male.

(6)     Defendant Larry & Alley, Inc. is a corporation organized pursuant to the laws of the Commonwealth of Virginia which owns and operates a retail furniture store located on Main Street in downtown Martinsville, Virginia and which regularly invites members of the public to enter the store to shop for furniture and appliances and related household goods and services.

(7)     Defendant Harry A. Alley, Sr. is a white male and is the owner, director, and president, vice-president, secretary/treasurer and employee of the corporation and who at all times material hereto acted in his capacity as an officer, director, owner and employee of the corporation or in his capacity as an individual, or both.

## FACTUAL ALLEGATIONS

(8)     For the last several years, Mr. Preston has worked on and off as an employee of defendants and most recently returned to work full-time in June 2020.

(9)     Plaintiff's duties included delivering furniture and appliances for defendants and occasionally performing work on Mr. Alley's rental properties.

(10)     On or about October 30, 2020, plaintiff returned to the store after making a delivery for defendants and went to use one of the restrooms in the store.

2

(11)    When plaintiff came out of the restroom, Mr. Alley was standing by the door and yelled at plaintiff and told him never to use the restroom again because it was for "white people."

(12)    Plaintiff was shocked by Mr. Alley's statement and objected to the statement.

(13)    When plaintiff objected, Mr. Alley told plaintiff to get his check and never come back and then and there terminated his employment.

(14)    This was not the first time Mr. Alley had made negative comments about plaintiff's race.  Mr. Alley often used racial slurs and referred to plaintiff and other black employees as "niggers" and called them "boy," all of which created a hostile and offensive work environment.

## COUNT I: CLAIM FOR RACE HARASSMENT AND DISCRIMINATION

(15)    Plaintiff incorporates by reference herein the preceding paragraphs of this complaint.

(16)    Defendants have harassed and discriminated against plaintiff in violation of federal law in that defendants:

(a)    classified plaintiff on the basis of his race;

(b)    discriminated against plaintiff with respect to the terms, conditions, or privileges of employment because of his race;

(c)    permitted a work environment to exist at defendant's facility that was offensive and hostile to black employees, including plaintiff; and

(d)    discriminated against plaintiff with respect to public accommodations by instructing plaintiff not to use the "white bathroom."

(17)    As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(18)    Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

## COUNT II: CLAIM FOR RETALIATORY DISCHARGE

(19)    Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(20)    Defendants discriminated against plaintiff in violation of federal law in that defendants retaliated against plaintiff and terminated his employment for complaining about race discrimination.

(21)    As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(22)    Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Terry N. Preston asks the district court to enter judgment against defendant, as follows:

(1)    issue declaratory judgment that defendants' acts violate federal law;

(2)    issue temporary and permanent injunctions restraining defendants from violating the provisions of federal law and award other injunctive relief;

(3)    award damages for loss of income and employment benefits, including both front and back pay, and damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life; as well as an award of punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial; and

(4)      award to plaintiff his costs and attorney's fees and expenses.

Trial by jury is demanded.

Respectfully Submitted,

TERRY N. PRESTON

By: ___*/s/ Terry N. Grimes*_____
          Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Counsel for Plaintiff

5