IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| TERRY N. PRESTON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 4:21-cv-00035 |
| LARRY & ALLEY, INC. | ) |
| and | ) |
| HARRY A. ALLEY, SR., | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiff Terry N. Preston, files this Complaint against defendants Larry & Alley, Inc. ("Larry & Alley" or "the store") and Larry A. Alley, Sr., and as grounds therefore states as follows:

**JURISDICTION AND VENUE**

(1) This is a suit for race discrimination authorized and instituted pursuant to 42 U.S.C. §1981 and the Virginia Human Rights Act, Virginia Code §2.2 – 3900 *et seq*. (1950), as amended.

(2) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343(a)(4). Plaintiff asks the Court to exercise supplemental jurisdiction over the state claim pursuant to 28 U.S.C. §1367.

(3) Plaintiff timely filed a charge of discrimination with the Virginia Office of Civil Rights on July 28, 2021, received a Notice of Right to File a Civil Action dated February 24, 2023 (Exhibit 1), has exhausted all administrative remedies, and files this amended complaint within 90 days or receipt thereof.

(4) Venue is appropriate in this court in that the alleged unlawful employment practices occurred within the Western District of Virginia.

## PARTIES

(5) At all times material hereto, plaintiff is and was a resident of the city of Martinsville and a citizen of the Commonwealth of Virginia. At the time the original complaint was filed, plaintiff was a 52-year-old black male.

(6) Defendant Larry & Alley, Inc. is a corporation organized pursuant to the laws of the Commonwealth of Virginia which owns and operates a retail furniture store located on Main Street in downtown Martinsville, Virginia and which regularly invites members of the public to enter the store to shop for furniture and appliances and related household goods and services.

(7) Defendant Harry A. Alley, Sr. is a white male and is the owner, director, and president, vice-president, secretary/treasurer and employee of the corporation and who at all times material hereto acted in his capacity as an officer, director, owner and employee of the corporation or in his capacity as an individual, or both.

## FACTUAL ALLEGATIONS

(8) For the last several years, Mr. Preston worked on and off as an employee of defendants and most recently returned to work full-time in June 2020.

(9) Plaintiff's duties included delivering furniture and appliances for defendants and occasionally performing work on Mr. Alley's rental properties.

(10) On or about October 30, 2020, plaintiff returned to the store after making a delivery for defendants and went to use one of the restrooms in the store.

(11) When plaintiff came out of the restroom, Mr. Alley was standing by the door and yelled at plaintiff and told him never to use the restroom again because it was for "white people."

(12) Plaintiff was shocked by Mr. Alley's statement and objected to the statement.

(13)  When plaintiff objected, Mr. Alley told plaintiff to get his check and never come back and then and there terminated his employment.

(14)  This was not the first time Mr. Alley had made offensive comments about plaintiff's race. Mr. Alley was extremely prejudiced against black people and often used racial slurs and called plaintiff and other black employees, and black people generally, as "niggers" and called plaintiff and other black males "boy," all of which created a hostile and offensive work environment.

### COUNT I: CLAIM FOR RACE HARASSMENT AND DISCRIMINATION IN VIOLATION OF FEDERAL LAW

(15)  Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(16)  Defendants have harassed and discriminated against plaintiff in violation of federal law in that defendants:

    (a)  classified plaintiff on the basis of his race;

    (b)  discriminated against plaintiff with respect to the terms, conditions, or privileges of employment because of his race;

    (c)  permitted a work environment to exist at defendant's facility that was offensive and hostile to black employees, including plaintiff; and

    (d)  discriminated against plaintiff with respect to public accommodations by instructing plaintiff not to use the "white bathroom."

(17)  As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(18)  Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

### COUNT II: CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF FEDERAL LAW

(19) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(20) Defendants discriminated against plaintiff in violation of federal law in that defendants retaliated against plaintiff and terminated his employment for complaining about race discrimination.

(21) As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(22) Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

### COUNT III: CLAIM FOR RACE HARASSMENT AND DISCRIMINATION IN VIOLATION OF STATE LAW

(23) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(24) Defendants have harassed and discriminated against plaintiff in violation of state law in that defendants:

 (a) classified plaintiff on the basis of his race;

 (b) discriminated against plaintiff with respect to the terms, conditions, or privileges of employment because of his race;

 (c) permitted a work environment to exist at defendants' facility that was offensive and hostile to black employees, including plaintiff; and

(d) discriminated against plaintiff with respect to public accommodations by instructing plaintiff not to use the "white bathroom."

(25) As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(26) Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of punitive damages.

### COUNT IV: CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF STATE LAW

(27) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(28) Defendants discriminated against plaintiff in violation of state law in that defendants retaliated against plaintiff and terminated his employment for complaining about race discrimination.

(29) As a result of defendants' discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(30) Defendants acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Terry N. Preston asks the district court to enter judgment against defendants, as follows:

(1) issue declaratory judgment that defendants' acts violate state and federal law;

(2) issue temporary and permanent injunctions restraining defendants from violating the provisions of state and federal law and award other injunctive relief, including but not limited to entering an order permitting plaintiff and other black persons to use the "whites only" bathrooms at defendants' furniture store;

(3) award damages for loss of income and employment benefits, including both front and back pay, and damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life; as well as an award of punitive and liquidated damages, in an amount to be determined during the course of discovery and at trial; and

(4) award to plaintiff his costs and attorney's fees and expenses.

Trial by jury is demanded.

          Respectfully Submitted,

          TERRY N. PRESTON

          By: ___/s/ Terry N. Grimes___
                  Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
Email: *tgrimes@terryngrimes.com*
Counsel for Plaintiff

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record, this March 6, 2023.

                                                */s/ Terry N. Grimes*
                                                Terry N. Grimes

# EXHIBIT 1

OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
OFFICE OF CIVIL RIGHTS

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

| | |
|---|---|
| **TO:** TERRY PRESTON<br>112 DOUGLAS AVE.<br>MARTINSVILLE, VA 24112<br><br>☐ ON BEHALF OF AGGRIEVED PERSON WHOSE IDENTITY IS CONFIDENTIAL IN ACCORDANCE WITH 1 VA. ADMIN. CODE § 45-20-30 | **FROM:** Office of the Attorney General<br>Office of Civil Rights<br>202 N. 9th Street<br>Richmond, VA 23219<br>Phone: 804.225.2292 |
| **CHARGE NUMBER(S):**<br>OCR No: 23-2754<br>EEOC No: N/A | **OCR Representative:**<br>Name: Timothy Wilson<br>Telephone: 804.225.2292 |

### Notice to the Person Aggrieved:

In accordance with the Virginia Human Rights Act (VHRA), this is your Notice of Right to File a Civil Action (Notice) issued for the above-numbered charge and in accordance with Va. Code § 2.2-3907. Pursuant to 1 VAC 45-20-98(C), your lawsuit under the VHRA **must be filed in a state court WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE** or your right to sue based on this charge in state court will be lost.

*For additional information regarding your rights, please see the back side of this page.*

If your complaint involves employment discrimination and was dual filed by the Office with the U.S. Equal Employment Opportunity Commission (EEOC), the Office will notify the EEOC of the issuance of this Notice. (For any complaints involving federal law claims, the time limit for filing a suit in federal court will be based on federal law and, therefore, may be different.)

☐ More than 180 days have passed since the filing of this complaint.

☐ Less than 180 days have passed since the filing of this complaint, but the Office has determined that it is unlikely that it will be able to complete its administrative processing of the complaint within 180 days from the day the complaint was filed.

☒ The Charging Party has requested this Notice.

☐ The Office is ceasing its processing of this complaint.

☐ The Office will continue to process this complaint.

*If you file a lawsuit based on this complaint, please send us a copy of your court complaint.*

| | |
|---|---|
| Issued on behalf of the Office of Civil Rights by:<br>Signature:<br><br>*[signature]*<br><br>Christine Lambrou Johnson, Chief | Date Issued: **02/24/2023** |

cc: Larry & Alley Inc.
c/o Harry Alley, Owner
219 East Main St.
Martinsville, VA 24112

OCR-Notice 09-16-2022

# OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
# OFFICE OF CIVIL RIGHTS

## Information Related to Filing Suit Under the Laws Enforced

## by the Office of the Attorney General - Office of Civil Rights

This information relates to filing a lawsuit in state court under Virginia law. If you also plan to sue claiming violations of federal law, please be aware that time limits may be shorter and other provisions of federal law may be different than those described below. *If this charge was dual filed with the U.S. Equal Employment Opportunity Commission (EEOC), the EEOC will issue its separate Notice of Right to Sue to the Charging Party for the relevant federal law claims upon receiving notification of the Office's dismissal of this charge pursuant to its issuance of this Notice.*

### PRIVATE SUIT RIGHTS – VIRGINIA HUMAN RIGHTS ACT, VA. CODE § 2.2-3900 et. seq.

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you receive this Notice. Therefore, **you should keep a record of the date you receive this Notice.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell your attorney the date on which you received this Notice.

Your lawsuit may be filed in the appropriate Virginia general district or circuit court or, if federal law claims are involved, in the U.S. District Court of competent jurisdiction. Whether you file in a Virginia or federal court is a matter for you to decide or in consultation with your attorney, if you have one. If you elect to file your lawsuit in federal court, you should make sure to share your Notice of Right to Sue from the EEOC with your attorney as well as this Notice, as different time limits may apply. Your lawsuit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.

### ATTORNEY REFERRAL AND ASSISTANCE

If you need assistance finding an attorney or have any questions about your legal rights, you may wish to contact the Virginia Lawyer Referral Service by telephone at (800) 552-7977 or by email at lawyerreferral@vsb.org, or a local legal aid service. If you need a copy of the information in this Office's file regarding your complaint, please request it promptly in writing and provide your OCR case number as shown on your Notice. Although the Office destroys case files after a certain time, all investigative files are kept for at least one year after our last action on the case. Therefore, if you file a lawsuit and want to obtain a copy of the investigative file, **please submit your written request within one year of this Notice.**

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

OCR-Notice 09-16-2022